UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 19 CR 50047-4 |
| vs. ) | |
| ) | Judge Philip G. Reinhard |
| YASHMINE ODOM ) | |

**UNITED STATES' SENTENCING MEMORANDUM**

Between August 5, 2016, and January 6, 2017, defendant, Narcellus Taylor, and others engaged in a violent crime spree that spanned multiple states. The government recommends that this Court impose concurrent sentences of imprisonment at the low-end of the applicable Guidelines range for each count of conviction.

**BACKGROUND**

Narcellus Taylor ("N. Taylor") and others identified certain cellular telephone and electronic stores to target for robberies of cellular telephones and computers, and selected and paid others, including defendant, to commit the robberies at his direction. Defendant traveled with N. Taylor, Herman Doss ("Doss"), Mario Anderson ("Anderson"), Brenda Price ("Price"), Christopher Taylor ("C. Taylor"), Tavaris Hampton ("Hampton"), and Katrail Bridges ("Bridges") to the robbery locations and communicated with other individuals by cellular telephone. Defendant entered the cellular telephone and computer stores in order to steal telephones and computers from the person and presence of store employees.

After the robberies had been completed, N. Taylor, Anderson and Doss collected the stolen cellular telephones and computers and transported the stolen items to Chicago where N. Taylor sold the stolen items to other individuals. N. Taylor determined the amounts that each individual,

1

including defendant, received from the proceeds of the sales of the cellular phones and computers taken during the robberies based on the respective role of each individual during the robberies. Defendant's crime spree included the following robberies:

    **1.    The Robbery of the Simply Mac in Valparaiso, Indiana.   (Count One)**

On December 10, 2016, defendant, N. Taylor, Anderson, and Price drove from Chicago to the Valparaiso Simply Mac in N. Taylor's vehicle. When they arrived at the Valparaiso Simply Mac, Price went into the store first and provided information to N. Taylor, Anderson, and defendant.

Defendant stayed in the vehicle as the getaway driver, while N. Taylor and Anderson entered Simply Mac and met up with Price. N. Taylor, Anderson, and Price forced employees into the back room, placed Apple MacBooks and iPhones (with an approximate total value of $50,000) into laundry bags, fled the store with Anderson carrying the stolen items, and returned to the vehicle where defendant was waiting, and fled the scene.

Defendant contests the two-level enhancement under Guideline § 2B1.3(b)(4)(B), resulting from the fact that any person was physically restrained to facilitate the commission of the offense or to facilitate escape. As noted above, co-defendants N. Taylor, Anderson, and Price forced employees into the back of the room while they carried out the robbery, with defendant waiting in the getaway vehicle.

    **2.    The Robbery of the Simply Mac in Cherry Valley, Illinois. (Count Five)**

On December 16, 2016, defendant, N. Taylor, Doss, Anderson, Price, C. Taylor, Hampton, Bridges, and P.W., a minor, traveled from Chicago to the Cherry Valley Simply Mac store in defendant's Oldsmobile sedan, N. Taylor's Chevy Equinox, and Doss's Ford Taurus. Doss, N.

2

Taylor, and Anderson waited outside in the vehicles while defendant, Price, Hampton, Bridges, and P.W. entered the store; some were wearing masks with their hands in their pockets to imply that they had guns.

After entering the store, defendant, Price, Hampton, Bridges, and P.W. forced the employees to the back of the store against their will and peppered sprayed one of the employees. Defendant, Price, Hampton, Bridges, and P.W. took two computers belonging to the Simply Mac store and fled when one of the employees told them he triggered the silent alarm. C. Taylor, who remained outside the store during the robbery, punched an employee who was returning to the store as the robbery was occurring and took the employee's cell phone.

Defendant contests the two-level enhancement under Guideline § 2B1.3(b)(4)(B), resulting from the fact that any person was physically restrained to facilitate the commission of the offense or to facilitate escape. As noted above, defendant and co-defendants forced employees into the back of the store and pepper-sprayed one of them while they carried out the robbery.

Three co-defendants have pled guilty and been sentenced by this Court for this December 16, 2016 robbery: Brenda Price (19 CR 50047-1), Christopher Taylor (19 CR 50047-2), and Tavaris Hampton 19 CR 50047-3). The Court imposed the two-level enhancement for physical restraint at the May 17, 2023 sentencing of Taylor. The Probation Officer indicated that the Court applied the two-level enhancement for physical restraint at the sentencings of Price and Hampton.[1] Because the factual circumstances of the instant offense are identical, the government further contends the two-level enhancement is appropriate in this case.

---

[1] The undersigned AUSA was not present at the sentencings of Price and Hampton.

## THE GOVERNMENT AGREES WITH THE OFFENSE LEVEL CALCULATION IN THE PRESENTENCE INVESTIGATION REPORT

In the plea agreement, the parties set forth proposed offense level calculations for the three counts of conviction in this case. The government identified that the total offense level for count 1 was 23 and the total offense level for count 5 was 24, while the defendant reserved the right to contest certain enhancements. In the PSR, the Probation Officer agrees with the government's offense level calculations. The parties then performed a grouping calculation in the plea agreement that assigned 1 unit to Count 1 and 1 unit to Count 5. Despite these calculations, the parties improperly counted the total units as 1 under Guideline § 3D1.4. The Probation Officer's grouping calculation, as set forth in ¶¶ 56-59, is accurate. The grouping should result in two total Units, a two-point increase that brings the combined adjusted offense level to 26, and a total offense level of 23 after acceptance of responsibility.

## OTHER CORRECTIONS TO THE PRESENTENCE INVESTIGATION REPORT

The presentence investigation report in this case was filed on September 28, 2022. Since that date, the status of several co-defendants has changed. The government would suggest the following edits to the PSR:

On page 2: Christopher Taylor (19 CR 50047-2) was sentenced to 121 months' imprisonment in the Bureau of Prisons on May 17, 2023.

On page 2: Tavaris Hampton (19 CR 50047-3) was sentenced to 88 months' imprisonment in the Bureau of Prisons on December 15, 2022.

Additionally, there appears to be a typographical error in ¶ 70. In that paragraph, the Probation Officer incorrectly indicates that a criminal history score of 1 places defendant in

criminal history category II. A criminal history score of 1 actually places defendant in criminal history category I. This appears to be a typographical error, because in ¶ 152 the Probation Officer properly classifies defendant in a criminal history category I and calculates the Guideline range (46-57 months) on a criminal history category of I.

## ARGUMENT

Defendant's crimes are very serious. Unlike some of the other individuals involved, defendant's involvement included forcing employees to the back of a store (moving employees during the robbery of the Simply Mac in Cherry Valley, Illinois).

A sentence of imprisonment at the low-end of the Guidelines range takes into account defendant's role in the offense, the number of robberies, the amounts taken, and the fact that victims were physically restrained and injured. Such a sentence also provides adequate deterrence to defendant and others who may be contemplating committing similar crimes.

The government acknowledges that defendant's childhood was far from ideal. Defendant's background does not excuse defendant's conduct (a violent crime spree that spanned multiple states) or warrant a sentence below the Guidelines range.

## ACCEPTANCE OF RESPONSIBILITY

In ¶ ¶ 149-150 of the PSR, the Probation Officer indicates that defendant has not provided the Probation Department with requested financial documentation, as he indicated he would on page 16-17 of the plea agreement.[2] A district court judge is within his rights to deny acceptance

---

[2] Paragraph 22 of the plea agreement reads: "Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline § 3E1.1 and enhancement of his sentence for obstruction of justice

5

of responsibility based on a failure to provide financial documentation to Probation. *See U.S. v. Cojab,* 978 F.2d 341, 343 (7th Cir. 1992). The district court in *Cojab* denied him a reduction for acceptance of responsibility based in part on a failure to provide financial information to the probation office. The Court of Appeals held that the denial of a two-level reduction was a "denied benefit" and that the district court did not err in denying Cojab the two level reduction. *Id.* at 344. If defendant continues to refuse to provide financial documentation to probation, this Court should consider denying a reduction for acceptance of responsibility and adjust defendant's Guidelines range accordingly.

## CONCLUSION

As set forth in the plea agreement, the government is recommending a sentence at the low-end of the applicable Guideline range, and makes no further recommendation concerning what sentence of imprisonment should be imposed. This sentence is appropriate after the required balancing of the factors under 18 U.S.C. § 3553(a), including the nature of the offenses and defendant's history and characteristics.

Respectfully submitted,

MORRIS PASQUAL
Acting United States Attorney

By: /s/ *Robert S. Ladd*
ROBERT S. LADD
Assistant United States Attorney
327 South Church Street - Room 3300
Rockford, Illinois 61101
(815) 987-4444

---

under Guideline § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 10001 or as a contempt of the Court.

**CERTIFICATE OF FILING AND SERVICE**

The undersigned Assistant United States Attorney hereby certifies that the following document:

**UNITED STATES' SENTENCING MEMORANDUM**

was served on May 17, 2023, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

/s/ *Robert S. Ladd*
ROBERT S. LADD
Assistant United States Attorney
327 South Church Street - Ste. 3300
Rockford, Illinois 61101
(815) 987-4444